**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Esther Cohen, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   12 C 5069 |
| | ) | |
| United Collection Bureau, Inc., an Ohio corporation, | ) ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Esther Cohen, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.      Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3.      Plaintiff, Esther Cohen ("Cohen"), was a resident of the State of New York, who now resides in New Hampshire, from whom Defendant attempted to collect a delinquent consumer debt owed to Citibank, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4.      Defendant, United Collection Bureau, Inc. ("UCB"), is an Ohio corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  Defendant UCB operates a nationwide debt collection business and attempts to collect debts from consumers in every state, including many thousands of consumers in the State of Illinois.  In fact, Defendant UCB was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.      Defendant UCB is authorized to conduct business in Illinois, and maintains a registered agent here, <u>see</u>, record from the Illinois Secretary of State, attached as Exhibit <u>A</u>.  In fact, UCB conducts business in Illinois.

6.      Moreover, Defendant UCB is licensed as a collection agency in Illinois, <u>see</u>, record from the Illinois Division of Professional Regulation, attached as Exhibit <u>B</u>. In fact, UCB acts as a debt collector in Illinois.

## FACTUAL ALLEGATIONS

7.      Ms. Cohen is a senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she allegedly owed to Citibank.  When UCB began trying to collect the delinquent Citibank debt from Ms. Cohen, by sending her a collection letter dated August 19, 2010, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant UCB's collection actions.  A copy of Defendant UCB's collection letter is attached as Exhibit <u>C</u>.

8.      Accordingly, on October 8, 2010, one of Ms. Cohen's attorneys at LASPD informed UCB, in writing, that Ms. Cohen was represented by counsel, and directed

UCB to cease contacting her, and to cease all further collection activities because Ms. Cohen was forced, by her financial circumstances, to refuse to pay her unsecured debts.  Copies of this letter and fax confirmation are attached as Exhibit <u>D</u>.

9.     Nonetheless, Defendant UCB called Ms. Cohen directly multiple times including, but not limited to, telephone calls on July 19, 2011, July 20, 2011, July 21, 2011 and July 22, 2011, from phone number 800-346-0516, to try and collect a debt from Ms. Cohen.

10.     Defendant UCB's collection actions complained of herein occurred within one year of the date of this Complaint.

11.     Defendant UCB's collection communications are to be interpreted under the "unsophisticated consumer" standard.  <u>See</u>, <u>Gammon v. GC Services, Ltd. Partnership</u>, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And Cease Collections**

12.     Plaintiff adopts and realleges ¶¶ 1-11.

13.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  <u>See</u>, 15 U.S.C. § 1692c(c).

14.     Here, the letter from Ms. Cohen's, agent/attorney, LASPD, told Defendant UCB to cease communications and cease collections about her debts (Exhibit <u>D</u>).  By continuing to communicate regarding her debts to try and get payment, Defendant UCB violated § 1692c(c) of the FDCPA.

3

15.     Defendant UCB's violations of § 1692c(c) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

16.     Plaintiff adopts and realleges ¶¶ 1-11.

17.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debts and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

18.     Defendant UCB knew that Ms. Cohen was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant, in writing (Exhibit D), that she was represented by counsel, and had directed Defendant UCB to cease directly communicating with her.  By directly calling Ms. Cohen, multiple times, despite being advised that she was represented by counsel, Defendant UCB violated § 1692c(a)(2) of the FDCPA.

19.     Defendant UCB's violations of § 1692c(a)(2) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Esther Cohen, prays that this Court:

1.     Find that Defendant UCB's debt collection actions violated the FDCPA;

2.     Enter judgment in favor of Plaintiff Cohen, and against Defendant UCB, for

4

actual and statutory damages, costs, and reasonable attorneys' fees as provided by §

1692k(a) of the FDCPA; and,

     3.     Grant such further relief as deemed just.

<strong>JURY DEMAND</strong>

Plaintiff, Esther Cohen, demands trial by jury.

          Esther Cohen,

          By: /s/ David J. Philipps_____
          One of Plaintiff's Attorneys

Dated:  June 26, 2012

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com